UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00105-GNS

STACEY MICHELLE LINDSEY                                                                 PLAINTIFF

v.

KENTUCKY STATE POLICE
TROOPER JASON ADKINSON;
UNKNOWN KENTUCKY STATE POLICE
TROOPER #2; CITY OF MUNFORDVILLE
CHIEF OF POLICE GREG ATWELL; and
MUNFORDVILLE CITY
POLICE OFFICER LANNY JEWELL                                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss (DN 9, 17). The motions have been fully briefed and are ripe for adjudication. For the reasons outlined below, the motions are **GRANTED**.

### I.  STATEMENT OF FACTS AND CLAIMS

This is a civil rights action brought under 42 U.S.C. § 1983, with pendent state law claims. (Compl., DN 1). Plaintiff Stacey Michelle Lindsey ("Plaintiff") claims that on February 15, 2017, she was falsely arrested by two Kentucky State Police troopers, Defendant Trooper Jason Adkinson ("Adkinson") and Defendant Unknown Kentucky State Police Trooper #2 ("Trooper #2") (collectively, "the KSP Defendants"). (Compl. ¶¶ 2, 13-17). Plaintiff asserts that on February 15, 2017, the KSP Defendants arrived at her residence, informed her they had a warrant for her arrest originating from the Munfordville Police Department in Hart County, and arrested her over her objections that "she had no history or contact with Hart County" and "knew that this was a case of mistaken identity." (Compl. ¶¶ 2, 15-17). Plaintiff spent 17½ hours in the

Warren County Regional Jail before being released on bail. (Compl. ¶ 17). On March 6, 2017, the Hart District Court dismissed the charges against Plaintiff, and "acknowledged that Mrs. Lindsey had been arrested in error."[1] (Compl. ¶ 18).

In relation to the KSP Defendants, Plaintiff claims that they "had reason to know that the arrest of the Plaintiff was without probable cause" but failed to prevent her false arrest. (Compl. ¶¶ 19-20).[2] Plaintiff alleges that the KSP Defendants were negligent in serving the "invalid warrant," as obtained by the Munfordville Police Department and forwarded to the KSP for service. (Compl. ¶¶ 31, 35). Plaintiff brings claims under Section 1983 for violations of her First, Fourth, and Fourteenth Amendment rights, assault and battery, and false arrest/imprisonment.[3]

## II.   JURISDICTION

The Court has subject matter jurisdiction over Plaintiff's Section 1983 claims under 28 U.S.C. § 1331 because a federal question is presented. Additionally, the Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III.   STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a

---

[1] Although Defendants dispute this characterization (Def.'s Reply 4, DN 12; Def.'s Reply 4, DN 23), for the purposes of a Motion to Dismiss, this claim is presumed to be true. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)).

[2] Plaintiff states further facts relevant to her claims against the defendants from the Munfordville police department which are not discussed here. (Compl. ¶¶ 19-32).

[3] From the face of the Complaint, the Court assumes that Plaintiff intended to bring her claim of false arrest/imprisonment under both Section 1983 and Kentucky tort law, though the structure is somewhat ambiguous, and will address the pending motions under such assumption. (Compl. ¶¶ 40-42).

motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits*, 552 F.3d at 434 (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

## IV.    DISCUSSION

Adkinson moves the Court to dismiss the Complaint, asserting, *inter alia*, that he did not deprive Plaintiff of any constitutional right and thus Plaintiff has failed to state a claim upon which relief may be granted. (Def.'s Mem. Supp. Mot. Dismiss 3, DN 9-1 [hereinafter

Adkinson's Mem.]). Trooper #2, by special appearance of counsel,[4] mounts substantially the same argument. (Def.'s Mem. Supp. Mot. Dismiss 4, DN 17-1 [hereinafter Trooper #2's Mem.]). In response, Plaintiff argues that her arrest was effected without probable cause, and therefore violated her clearly established rights. (Pl.'s Resp. Def.'s Mot. Dismiss 2-6, DN 10 [hereinafter Pl.'s Resp.]; Pl.'s Resp. Def.'s Mot. Dismiss 1, DN 23).

In reviewing a motion to dismiss, the Court "may considers the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Basset v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted). As the Complaint references the arrest warrant at issue, and Plaintiff and Defendants have each attached the warrant as exhibits to filings pertaining to the pending motions, the Court will consider the warrant in its review. The Court takes judicial notice that the arrest warrant contains Plaintiff's identifying information rather than the intended arrestee's. (Pl.'s Resp. Def.'s Mot. Dismiss Ex. 1, 11, DN 10-1).

A. **Section 1983 Claims**

To state a claim under Section 1983, "[a] plaintiff must establish both that 1) she was deprived of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (citation omitted). Because "Section 1983 is not itself a source of any substantive rights, but instead provides the means by which rights conferred elsewhere may be enforced[,]" the Court's "first task . . . is to identify the specific constitutional . . . rights

---

[4] Trooper #2 has only been constructively served by Warning Order Attorney. (Warning Order Att'y Report & Mot. 1, DN 22).

4

allegedly infringed." *Meals v. City of Memphis*, 493 F.3d 720, 727-28 (6th Cir. 2007) (citations omitted). In this case, Plaintiff contends:

> Defendants have, under color of law, deprived the Plaintiff of clearly established rights, privileges, and immunities secured by the First, Fourth and Fourteenth Amendments to the United States Constitution . . . [which] include, but are not limited to, the right to due process of law, the right to be free of an arrest without probable cause and the right to be free of unreasonable searches and seizures.

(Compl. ¶ 40).

### 1. *Due Process*

Plaintiff broadly claims Defendants deprived her of the "right to due process of law," but does not state whether she intends to challenge the procedural or substantive component of the Due Process Clause of the Fourteenth Amendment.[5] In a similar instance of mistaken identity, the Sixth Circuit has stated that a detention of 4½ days was insufficient to support a constitutional claim. *Flemister v. City of Detroit*, 358 F. App'x 616, 620-21 (6th Cir. 2009). Our sister court has also recently held that an initial detention of two hours, pursuant to mistaken identity, did not give rise to a due process violation. *Trent v. Huff*, 178 F. Supp. 3d 565, 571 (E.D. Ky. 2016).

---

[5] *See EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (holding that the procedural component of the due process clause "is traditionally viewed as the requirement that the government provide a 'fair procedure' when depriving someone of life, liberty, or property . . . ." (internal quotation marks omitted) (citation omitted)); *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014) ("To establish a procedural due process claim, a plaintiff must show that (1) [she] had a life, liberty, or property interest protected by the Due Process Clause; (2) [she] was deprived of this protected interest; and (3) the state did not afford [her] adequate procedural rights." (citation omitted)); *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014) ("Substantive due process is '[t]he doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed.'") (internal quotation marks omitted) (quoting *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1216 (6th Cir. 1992)); *MSI Regency, Ltd. v. Jackson*, 433 F. App'x 420, 429 (6th Cir. 2011) (holding that to establish a claim for a deprivation of substantive due process, a plaintiff must allege that the State, through "arbitrary and capricious" action, deprived him of a constitutionally protected interest or fundamental right).

Even when the Complaint is construed in the light most favorable to Plaintiff, the Court finds that the Plaintiff has failed to allege facts sufficient to state a claim against the KSP Defendants upon which relief may be granted as to her general claim of a due process violation.

2. *False Arrest*

To state a claim under Section 1983 for false arrest, a plaintiff must "prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005) (citation omitted). Because "an arrest warrant is valid only if supported by probable cause," "[a]n arrest "pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or imprisonment." *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999); *Robertson v. Lucas*, 753 F.3d 606, 618 (quoting *Voyticky*, 412 F.3d at 677). "The only exception to this rule is for defendants who intentionally mislead or intentionally omit material information from arrest warrants." *Trent v. Huff*, 178 F. Supp. 3d 565, 569 (E.D. Ky. 2016) (citations omitted).

Defendants direct the Court's attention to *Baker v. McCollon*, 443 U.S. 137 (1979). In *Baker*, the plaintiff's brother had previously used a duplicate driver's license with the plaintiff's information, but his own picture, when arrested on narcotics charges. *Id.* at 140-41. When the plaintiff was stopped for a traffic violation in another county, a routine warrant check revealed the outstanding warrant with the plaintiff's name, and the plaintiff "was taken into custody over his protests of mistaken identification." *Id.* at 141. After being held for four days, he was transferred to the warrant's originating jurisdiction, and he was not released until the mistake was discovered three days later. *Id.* The Supreme Court held that, despite being arrested pursuant to a warrant that should have been issued for his brother, the plaintiff had not been deprived of any rights that would allow him to effect a claim under Section 1983. *Id.* at 146-47.

Plaintiff asserts that "[p]robable cause was clearly absent for the arrest in this case, because KSP arrested the wrong person." (Pl.'s Resp. 3). She further states that the KSP Defendants' argument that "the invalid warrant provides a basis for probable cause" is "ludicrous." (Pl.'s Resp. 3). Plaintiff has acknowledged, however, in the facts of her Complaint that the KSP Defendants merely served the arrest warrant after it had been obtained by the personnel associated with the Munfordville Police Department. (Compl. ¶¶ 21, 31-35, 37-39). Given that the warrant was facially valid and (mistakenly) contained all of Plaintiff's identifying information, the KSP Defendants have a complete defense. *Robertson*, 753 F.3d at 618 (holding an arrest pursuant to a facially valid warrant as, generally, a complete defense to a claim of false arrest). Therefore, even when the Complaint is construed in the light most favorable to Plaintiff, the Court finds that the face of the Complaint presents an insurmountable bar to relief as to her claim of false arrest against Adkinson and Trooper #2.

### 3. *Unreasonable Search & Seizure*

"The Fourth Amendment provides that the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." *Terry v. Ohio*, 392 U.S. 1, 8 (1968) (internal quotation marks omitted). Searches and seizures grounded in probable cause, however, are not unreasonable. *See Florida v. Royer*, 460 U.S. 491, 500 (1983). Plaintiff has no viable Fourth Amendment claims beyond her meritless false arrest claim discussed above; her general Fourth Amendment claim therefrom likewise fails. *See Voyticky*, 412 F.3d at 678-79.

B. **State Law Claims**

Plaintiff also brings claims under Kentucky law for "assault and battery" and "false arrest/imprisonment." (Compl. ¶¶ 41-42). Each of these claims is addressed below.

1. *Assault & Battery*

Under Kentucky law, "[a]ssault is a tort which merely requires the threat of unwanted touching of the victim, while battery requires an actual unwanted touching." *Banks v. Fritsch*, 39 S.W.3d 474, 480 (Ky. App. 2001) (citation omitted). Contact is unlawful if it is unwanted or if there is no consent to it. *See Andrew v. Begley*, 203 S.W.3d 165, 171 (Ky. App. 2006). "However, a police officer is privileged, under certain circumstances, to use force in effecting an arrest." *Woosley v. City of Paris*, 591 F. Supp. 2d 913, 922 (E.D. Ky. 2008). This privilege extends to the use of physical force by an officer in making an arrest which he believes lawful, so long as he believes such force is necessary to effect the arrest and makes known the purpose of the arrest. KRS 503.090(1). *See also City of Lexington v. Gray*, 499 S.W.2d 72, 74 (Ky. 1973) (holding officers "may use such force as may be necessary to make the arrest but no more." (citations omitted)).

Plaintiff does not make a claim of excessive force, but simply alleges that her arrest "against her will despite her protestations" constituted "unlawful, unnecessary, unwanted and offensive physical touching . . . ." (Compl. ¶ 41). Given the privilege afforded officers effecting an arrest believed to be lawful under KRS 503.090(1), the Court finds that the face of the Complaint presents an insurmountable bar to relief as to Plaintiff's claims of assault and battery against the KSP Defendants.

### 2. *False Arrest/Imprisonment*

"False imprisonment is the intentional confinement or instigation of confinement of a plaintiff of which confinement the plaintiff is aware at the time. And false arrest is a term that describes the setting for false imprisonment when it is committed by an officer or by one who claims the power to make an arrest." *Dunn v. Felty*, 226 S.W.3d 68, 71 (Ky. 2007) (internal quotation marks omitted) (internal citation omitted) (citation omitted). A police officer is liable for false arrest unless he or she enjoys a privilege or immunity to detain an individual. *Id.* (citation omitted). One such privilege is "an arrest pursuant to a warrant . . . ." *Id.* (citation omitted).

As discussed above, the KSP Defendants arrested Plaintiff pursuant to a facially valid warrant. As such, even when construed in the light most favorable to Plaintiff, the face of the Complaint presents an insurmountable bar to relief as to her claim of false arrest against Adkinson and Trooper #2.

### C. Official Immunity for Official Capacity Claims

Defendants assert complete immunity for all claims made against them in their official capacity under official governmental immunity as to Plaintiff's state law claims, and under the *Will* Doctrine and Eleventh Amendment as to Plaintiff's federal law claims. (Adkinson's Mem. 11-15; Trooper #2's Mem. 12-16). Such arguments are not addressed, as all of Plaintiff's claims are dismissed by the Court under Rule 12(b)(6), as discussed above.

### V. CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (DN 9, 17) are **GRANTED**, and Plaintiff's claims against Defendant Trooper Jason

Adkinson and Defendant Unknown Kentucky State Police Trooper #2 only are **DISMISSED WITH PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**
November 1, 2017

cc: counsel of record