UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00105-HBB

**STACEY MICHELLE LINDSEY**  **PLAINTIFF**

**VS.**

**KENTUCKY STATE POLICE**
**TROOPER JASON ADKINSON, et al.**  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is DN 34, Defendants City of Munfordville Chief of Police Greg Atwell and Munfordville Police Officer Lanny Jewell's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The Plaintiff has responded at DN 36, and Defendants have replied at DN 37. The parties have consented to the undersigned conducting all proceedings and entry of orders of final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (DN 33).

## STATEMENT OF FACTS AND CLAIMS

This is a civil rights action brought under 42 U.S.C. § 1983, with pendent state law claims (DN 1). Plaintiff Stacey Michelle Lindsey claims that on February 15, 2017, she was falsely arrested by two Kentucky State Police troopers (Id. ¶¶ 2, 13-17). Lindsey asserts that the KSP troopers arrived at her residence, informed her they had a warrant for her arrest originating from the Munfordville Police Department in Hart County, and arrested her over her objections that "she had no history or contact with Hart County" and "knew that this was a case of mistaken identity" (Id. ¶¶ 2, 15-17). The charges set forth in the warrant were "burglary second, custodial interference, assault fourth degree, and impersonating a law enforcement officer" (Id. ¶ 15).

Lindsey spent seventeen and a half hours in the Warren County Regional Jail before being released on bail (Id. ¶ 17). On March 6, 2017, the Hart District Court dismissed the charges against Lindsey and "acknowledged that Mrs. Lindsey had been arrested in error" (Id. ¶ 18).

Lindsey's complaint sets forth causes of action under 42 U.S.C. § 1983 claiming violation of her rights to due process, to be free from false arrest and to be free from unreasonable search and seizure. She also asserts claims under Kentucky law for assault and battery and false arrest/imprisonment.

As to Chief Atwell, Lindsey alleges that his policies, practices, customs, and usage regarding the failure to ensure the presence of probable cause before making an arrest was a moving force in her false arrest by the KSP troopers (Id. ¶ 22). She further alleges that Chief Atwell provided inadequate supervision and training, which contributed to her being arrested without probable cause (Id. ¶ 23), and that he has not taken disciplinary action nor conducted an investigation into the matter of her arrest (Id. ¶¶ 24, 25).

Lindsey alleges that Officer Jewell[1] acted without probable cause in procuring the warrant under which the KSP troopers made the arrest. She also contends that Officer Jewell was negligent in failing to obtain and include correct personal identifiers in the warrant, resulting in the arrest of the wrong person (Id. ¶¶ 21, 32).

Lindsey also named Kentucky State Police Trooper Jason Adkinson and "Unknown Kentucky State Police Trooper 2" as defendants in the case. They previously moved for dismissal for failure to state a claim, and the Court granted their motion (DN 28).

---

[1] Lindsey's Complaint asserted claims against an "Unknown Munfordville City Police Officer." The parties subsequently determined that Officer Jewell was the individual in question, and by agreed order substituted Officer Jewell for the unknown individual as the named party. See DN 21.

## STANDARD OF REVIEW

The "standard for review for entry of judgment on the pleadings under Rule 12(c) is indistinguishable from the standard of review for dismissals based on failure to state a claim under Rule 12(b)(6)" Jackson v. Heh, No. 98-4420, 2000 U.S. App. LEXIS 14075, at *7-8 (6th Cir. June 2, 2000). For purposes of a motion to dismiss, the Court must take all the factual allegations in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

In reviewing a motion for judgment on the pleadings, although the Court's decision rests primarily upon the allegations in the complaint, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. In re Walsh Constr. Co., No. 3:15-CV-TBR, 2016 U.S. Dist. LEXIS 50078, at *17 (W.D. Ky. April 14, 2016). "Documents attached to a motion [for judgment on the pleadings] are considered part of the pleadings if they are referred to in plaintiff's complaint and are central to the claims, and therefore may be considered without converting a Rule 12[(c)] motion [for

judgment on the pleadings] to a Rule 56 motion." Id. at *18 (*quoting* Whittiker v. Deutsche Bank Nat. Trust Co., 605 F. Supp. 2d 914, 924 (N.D. Ohio 2009)).

## ANALYSIS

Defendants' motion provides an extensive factual recitation which relies upon information set forth in the exhibits they attached. These include the arrest warrant in question and the attendant police report, including a witness statement. The Defendants correctly note that the Court previously recognized the arrest warrant as a "public record" and took it into consideration when ruling on the KSP troopers' motions to dismiss. Without citation to authority, the Defendants contend that the police report is also considered a public record. The undersigned disagrees. "The vast majority of cases hold that police reports do not constitute matters of public record appropriate for judicial notice." Eubank v. Wesseler, No. 10-210-DLB-JGW, 2011 U.S. Dist. LEXIS 93135, at *10 n. 2 (E.D. Ky. Aug. 19, 2011); *see also* Michon v. Ugarte, No. 16 C 6104, 2017 U.S. Dist. LEXIS 21583, at *7 (N.D. Ill. Feb. 15, 2017) ("The Court thus follows 'the vast majority of courts' in disregarding the factual allegations in a police report."); Martin v. County of Nassau, 692 F. Supp. 2d 282, 289 (E.D.N.Y. 2010) (Refusing to consider "police reports, witness statements and other similar documents relating to the plaintiff's arrest" in adjudicating a Rule 12(c) motion). The undersigned notes that the parties have extensively discussed and relied upon what they contend are the facts of the case as reflected in the police report, essentially presenting their positions as though the motion were one for summary judgment under Fed. R. Civ. P. 56. A motion under Rule 12(c) challenges the sufficiency of the allegations in the Complaint within its four corners. Consideration of extraneous factual information is only permitted in limited circumstances which do not apply to

4

the police report. As a result, all "facts" presented in the police report and arguments based thereupon must be disregarded.

The Undersigned also notes that the Court has previously set forth the controlling legal principals when ruling on the KSP troopers' motion to dismiss, and consequently, that order serves as a framework for evaluating the present motion.

**A. Section 1983 Claims**

To state a claim under Section 1983, "[a] plaintiff must establish both that 1) she was deprived of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001) (citation omitted). Because "Section 1983 is not itself a source of any substantive rights, but instead provides the means by which rights conferred elsewhere may be enforced[,]" the Court's "first task . . . is to identify the specific constitutional . . . rights allegedly infringed." Meals v. City of Memphis, 493 F.3d 720, 727-28 (6th Cir. 2007) (citations omitted). In this case, Lindsey contends:

> Defendants have, under color of law, deprived the Plaintiff of clearly established rights, privileges, and immunities secured by the First, Fourth and Fourteenth Amendments to the United States Constitution . . . [which] include, but are not limited to, the right to due process of law, the right to be free of an arrest without probable cause and the right to be free of unreasonable searches and seizures.

(DN 1 at ¶ 40).

    1.    Due Process Claim

Lindsey broadly claims Defendants deprived her of the "right to due process of law," but does not state whether she intends to challenge the procedural or substantive component of the Due Process Clause of the Fourteenth Amendment. "[T]he Due Process Clause provides that

5

certain substantive rights – life, liberty, and property – cannot be deprived except to constitutionally adequate procedures. The categories of substance and procedure are distinct." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541(1985).

Substantive due process involves the fundamental or natural rights of an individual. The Fourteenth Amendment, applying the "due process" clause to the states, does not afford positive rights but does prohibit arbitrary and unreasonable government action. Bowers v. De Vito, 686 F.2d 616, 618 (6th Cir. 1982). A substantive due process claim requires the plaintiff to allege (1) a constitutionally protected liberty interest that (2) was deprived by arbitrary and capricious state action. Phillips v. McCollum, No. 4:11-CV-0006-JHM, 2012 U.S. Dist. LEXIS 16219, at *25 (W.D. Ky. Feb. 9, 2012).

Procedural due process means the procedure used in effecting or denying one's fundamental or constitutional rights. Procedural due process is the process which the government provides prior to depriving individuals, in this case, of their interest in liberty. Haag v. Cuyahoga County, 619 F. Supp. 262, 275-76 (E.D. Ohio 1985). Simply put, procedural due process is, as its name suggests, "a guarantee of fair procedure." Zinermon v. Burch, 494 U.S. 113, 125 (1990).

Lindsey's response does not address Defendants' challenge to the sufficiency of her due process claim, and she makes no effort to direct the Court's attention to any portion of her complaint which she contends provides support. Where a plaintiff fails to respond to oppose a motion, the district court may deem the plaintiff to have waived opposition. Humphry v. United States Atty. Gen.'s Office, 279 F. App'x 328, 331 (6th Cir. 2008).

Notwithstanding Lindsey's failure to offer rebuttal to the Defendants' arguments, a review of her Complaint demonstrates that she has not made an actionable claim for a procedural

6

due process violation against the Defendants. Her complaint identifies no deficit in the procurement of the arrest warrant other than negligence in failing to obtain and include accurate personal identifiers in the warrant (DN 1, ¶ 32). She further alleges that there were "improper customs and practices of the Munfordville City Police Department which failed to train the [officer] in proper procedures to ensure correct personal identifiers were contained in the warrant . . . ." (Id. at ¶ 32). However, "[t]here is no constitutionally protected right to the manner in which a criminal investigation is conducted." Garner v. Harrod, 656 F. App'x 755, 760 (6th Cir. 2016). Further, an "'incompetent or negligent investigation' is insufficient to establish a constitutional violation." Id. at 761 (*quoting* Seigel v. City of Germantown, 25 Fed. Appx. 249, 250 (6th Cir. 2001)); *see also* Virgil v. City of Newport, No. 16-224-DLB-CJS, 2018 U.S. Dist. LEXIS 3708, at 9 n. 3 (E.D. Ky. Jan. 9, 2018).

Lindsey's Complaint also fails to set forth any claim of a substantive due process violation other than her detention of 17 ½ hours (DN 1, ¶ 3). As noted in the earlier order (DN 28) dismissing Lindsey's substantive due process claim against the KSP troopers, in a similar instance of mistaken identity, the Sixth Circuit held that a detention of 4½ days was insufficient to support a constitutional claim. Flemister v. City of Detroit, 358 F. App'x 616, 620-21 (6th Cir. 2009). Our sister court has also recently held that an initial detention of two hours, pursuant to mistaken identity, did not give rise to a due process violation. Trent v. Huff, 178 F. Supp. 3d 565, 571 (E.D. Ky. 2016); *see also* Edwards v. Rougeau, No. 16-CV-11490, 2017 U.S. Dist. LEXIS 25785, at *10-12 (E.D. Mich. Feb. 24, 2017) (Detention of eight days insufficient to constitute constitutional violation). In short, even when the Complaint is construed in the light most favorable to Plaintiff, the Court finds that the Plaintiff has failed to allege facts sufficient to

7

support a claim against the Defendants upon which relief may be granted as to her general claim of a due process violation.

2. False Arrest/Imprisonment

Lindsey alleges that Officer Jewell and the KSP troopers "had reason to know that the arrest of the Plaintiff was without probable cause" and "[a]ny investigation whatsoever would have revealed that the Defendants were arresting the wrong person" (DN 1, ¶ 19). She further contends that Officer Jewell "acted without probable cause, intentionally, knowingly, unreasonably, maliciously, negligently, recklessly, and with deliberate indifference to the rights of the Plaintiff when they [*sic*] caused the Plaintiff to be arrested by the Kentucky State Police by procuring a warrant for the wrong person" (Id. at ¶ 21). Her complaint also alleges that Chief Atwell's policies, practices, customs, and usages regarding the failure to ensure the presence of probable cause before making arrests were a moving force behind the false arrest of the Plaintiff by the Defendant Troopers in this case (Id. at ¶22).

To state a claim under Section 1983 for false arrest, a plaintiff must "prove that the arresting officer lacked probable cause to arrest the plaintiff." Voyticky v. Vill. of Timberlake, 412 F.3d 669, 677 (6th Cir. 2005) (citation omitted). Because "an arrest warrant is valid only if supported by probable cause," "[a]n arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or imprisonment." Ahlers v. Schebil, 188 F.3d 365, 370 (6th Cir. 1999); Robertson v. Lucas, 753 F.3d 606, 618 (*quoting* Voyticky, 412 F.3d at 677). "The only exception to this rule is for defendants who intentionally mislead or intentionally omit material information from arrest warrants." Trent v. Huff, 178 F. Supp. 3d 565, 569 (E.D. Ky. 2016) (citations omitted).

The Defendants cite Baker v. McCollan, 443 U.S. 137 (1979); Wren v. Richardson, No. 06-390-JBC, 2008 U.S. Dist. LEXIS 40951 (E.D. Ky. May 22, 2008) and Trent, 178 F. Supp. 3d 365 in support of the proposition that a mere mistake in the identification of an arrest subject does not give rise to a deprivation of a constitutional right. The undersigned agrees with Lindsey that these cases are not applicable to the present allegations.

Looking back to the order dismissing the claims against the KSP Troopers for false arrest, the Court noted that "the KSP Defendants merely served the arrest warrant after it had been obtained by the personnel associated with the Munfordville Police Department. Given that the warrant was facially valid and (mistakenly) contained all of Plaintiff's identifying information, the KSP Defendants have a complete defense" (DN 28 at p. 7). The claims against Chief Atwell and Officer Jewell, however, do not depend solely on the service of the arrest warrant. Lindsey's claims against them encompass the procurement of the warrant. These claims are different from the plaintiff's in Baker, in which the court noted that the plaintiff's "claim against the sheriff is not for the wrong name being placed on the warrant or the failure to discover and change the same or even the initial arrest of the respondent, but rather for the intentional failure to investigate and determine that the wrong man was imprisoned." Baker, 443 U.S. at 143. Wren and Trent, decisions from the Eastern District of Kentucky, dealt with motions for summary judgment. In both of those cases the Court concluded from the facts that the arresting officers possessed sufficient probable cause, notwithstanding a mistaken identity. Here, where the motion is presented under Rule 12(c), the focus is on the sufficiency of the allegations in the complaint. In order to prevail on her claim for false arrest, Lindsey must prove that, in order to procure the warrant, Officer Jewell "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that created a falsehood and

such statements or omissions were material, or necessary, to the finding of probable cause." Sykes v. Anderson, 625 F.3d 294, 305 (6th Cir. 2010) (*quoting* Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000)). Lindsey has alleged, in part, that the Defendants had reason to know that her arrest was without probable cause and that Officer Jewell acted intentionally and knowingly in causing her to be arrested. Whether the facts in the case will bear this out remains to be seen, but for the present, and for purposes of Rule 12(c), Lindsey's allegations are sufficient to survive challenge at this juncture. Further, while Lindsey's claims against Chief Atwell focus on policies and procedures, the Defendants have not addressed those allegations in their motion.

       3.    Unreasonable Search and Seizure

"The Fourth Amendment provides that the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . ." U.S. Const. Amend. IV; Terry v. Ohio, 392 U.S. 1, 8 (1968) (internal quotation marks omitted). The Defendants argue that Lindsey has failed to present a valid claim for violation of her rights under the Fourth Amendment because they were not present at the time of arrest and therefore could not have committed an unreasonable search and seizure (DN 34, p. 15). Lindsey has not addressed this argument in response. Nonetheless, a non-arresting officer who instigates or causes an unlawful arrest can still be liable under the Fourth Amendment. *See* Jordan v. Mosley, 487 F.3d 1350, 1354 (11th Cir. 2007); McPhearson v. Anderson, 873 F. Supp. 2d 753, 757 (E.D. Va. 2012).

## B. State Law Claims

Lindsey also brings claims under Kentucky law for "assault and battery" and "false arrest/imprisonment." (DN 1, ¶¶ 41-42).

1. Assault and Battery

Lindsey's Complaint only references the KSP Troopers in this portion of her claim. She has not addressed or opposed the Defendants' argument that she has not asserted a state law claim for assault and battery against them and, consequently, the undersigned concludes that she has conceded the point.

2. False Arrest/Imprisonment

"False imprisonment is the intentional confinement or instigation of confinement of a plaintiff of which confinement the plaintiff is aware at the time. And false arrest is a term that describes the setting for false imprisonment when it is committed by an officer or by one who claims the power to make an arrest." Dunn v. Felty, 226 S.W.3d 68, 71 (Ky. 2007) (cleaned up). A police officer is liable for false arrest unless he or she enjoys a privilege or immunity to detain an individual. Id. One such privilege is "an arrest pursuant to a warrant . . ." Id. (citation omitted). Lindsey's Complaint states that her arrest was "based on a warrant originating from the Munfordville Police Department" (DN 1, ¶ 2). Again, Lindsey has not addressed the Defendants' arguments in her response, and the undersigned concludes that she has conceded the point.

## C. Qualified Immunity

The Defendants argue that they are entitled to qualified immunity on Lindsey's federal and state law claims. In the federal context, qualified immunity protects an executive official who violated the plaintiff's federally protected right so long as the official did not violate clearly

established federal law.  When qualified immunity is invoked, the critical issue is whether the official violated federal law that was clearly established at the time the official acted.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Defendants contend that Baker, 443 U.S. 137, Trent, 178 F. Supp. 3d 565 and Wren, 2008 U.S. Dist. LEXIS 40951, previously discussed in this order, constituted clearly established law which supported their actions.  However, as also previously noted, those cases dealt with an officer's liability for effecting an arrest pursuant to a facially valid warrant, and did not deal with liability related to the procurement of the warrant.  For this reason, the Defendants' argument is not persuasive as to Lindsey's federal law claims.

Defendants argue that they are also entitled to qualified immunity on Lindsey's state law claims because they were called upon to exercise good faith in the course of discretionary functions.  As the Defendants' motion to dismiss the state law claims is granted, this portion of Defendants' argument is moot.

### D. Official Capacity Liability

Defendants note that Lindsey has named them in both their official and individual capacities, and the official capacity designation is essentially a claim against the City of Munfordville.  They contend that 28 U.S.C § 1983 only applies to "persons," and reason that the official capacity portions of the claims must be dismissed.  The undersigned does not agree with this legal position.

"Official-capacity suits . . . 'generally represent . . . another way of pleading an action against an entity of which an officer is an agent.'"  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (*quoting* Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)). "[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."

Monell, 436 U.S. at 691; Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994); Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" City of St. Louis v. Praprotnik, 485 U.S. 112, 138 (1988) (*quoting* Pembaur v. Cincinnati, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." Alkire v. Irving, 330 F.3d 802, 815 (6th Cir. 2003). Specifically, with regard to allegations of failure to adequately train, a plaintiff must demonstrate (1) a training program is inadequate to the tasks that the officers must perform; (2) the inadequacy is the result of the city's deliberate indifference; and (3) the inadequacy is "closely related" to or "actually caused" the plaintiff's injury. Wilkerson v. City of Frankfort, No. 3:08-12-DCR, 2009 U.S. Dist. LEXIS 32948, *11 (E.D. Ky. April 16, 2009) (*citing* Plinton v. County of Summit, 540 F.3d 459, 464 (6th Cir. 2008)).

Lindsey has alleged that Officer Jewell was negligent in failing to include the correct personal identifiers in the warrant, and that this negligence was the result of improper customs and practices of the Munfordville City Police Department in failing to train Officer Jewell in proper procedures to ensure correct personal identifiers were contained in the warrant (DN 1 at ¶ 32). For purposes of a motion under Rule 12(c), this is a sufficient allegation.

# ORDER

**IT IS HEREBY ORDERED** that the Defendants' motion to dismiss (DN 34) is **GRANTED IN PART** and **DENIED IN PART**.

1. Defendants' motion to dismiss Plaintiff's claims in her First Cause of Action (DN 1, ¶ 40) for deprivation of Due Process under the 14th Amendment, Plaintiff's claims against the Defendants in her Second Cause of Action (Id. at ¶ 41) for assault and battery, and Plaintiff's claims against the Defendants in her Third Cause of Action (Id. at ¶ 42) for False Arrest/Imprisonment is **GRANTED** and those claims are **DISMISSED WITH PREJUDICE**.

2. Defendants' motion to dismiss Plaintiff's claims in her First Cause of Action (Id. at ¶ 40) for false imprisonment and unlawful search and seizure under the Fourth Amendment is **DENIED**.

3. Defendants' motion for dismissal of the Plaintiffs' claims against them in their official capacities and on the basis of qualified immunity is **DENIED AS PREMATURE**.

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

February 26, 2018

Copies: Counsel